**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
US DISTRICT COURT
DIVISION
FEB 21 PM 2:42
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| **TAMMY BOHALL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO.** |
| | ) |
| **NURSE AIDE TRAINING CENTER, INC.,** | ) **1: 08-cv- 0224 -RLY -TAB** |
| | ) |
| **Defendant.** | ) |

**COMPLAINT**

Plaintiff, Tammy Bohall ("Bohall"), by counsel, hereby file this Complaint against Nurse Aide Training Center, Inc. ("Defendant") for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq. (hereinafter "Americans with Disabilities Act" or "ADA") and alleges:

**PARTIES**

1.     Bohall is a resident of Marion County, Indiana and is a qualified individual with a disability under the ADA as she is, among other qualifying things, profoundly deaf and communicates in American Sign Language ("ASL").

2.     Defendant, Nurse Aid Training Center, Inc., is a for-profit foreign corporation that is conducting business in the State of Indiana.

**JURISDICTION, VENUE AND STANDING**

3.     The United States District Court for the Southern District of Indiana has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this case raises questions under Title III of the ADA, 42 U.S.C. § 12181 et seq.

4.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because the

Defendant may be found in this district and the challenged conduct occurred in this state.

     5.     There is a real and immediate threat of future harm, and there is a likelihood that Bohall will return to Defendant's Indianapolis, Indiana, training center, and it is also likely that Bohall will suffer blatant discrimination at the hands of Defendant; in support thereof Bohall alleges the following to establish standing:

     a.     Bohall desires to use the services and take classes offered by Defendant;

     c.     Bohall lives in close proximity to Defendant's Indianapolis, Indiana training center;

     d.     Bohall communicates in American Sign Language and requires a qualified sign language interpreter for interpretation while attending classes.

     e.     Defendant refused, and continues to refuse, to provide a qualified sign language interpreter for Bohall, despite her requests.  Defendant failed to maintain a policy of providing effective communication to its deaf and hard of hearing students.

     g.     Bohall has a definite desire to go to Defendant's Indianapolis, Indiana training facility and participate in classes.

## FACTS

     6.     In or about February 2007, Bohall paid her registration fees and enrolled with Defendant for Nurse Aide training to begin on or about March 12, 2007.

     7.     Bohall identified herself as being deaf, and requested that Defendant provide a sign language interpreter for her classes.

     8.     Bohall was later informed that no sign language interpreter would be provided for her to take classes and that she would have to un-enroll.

2

9. Defendant removed Bohall from the program.

10. On or about March 16, 2007, Bohall received a check from Defendant in the amount of one-hundred and fifty dollars as a refund for her registration fee.

11. Bohall still desires to take Nurse Aide training from Defendant.

12. Defendant has refused to provide a qualified sign language interpreter and has denied services to Bohall.

13. Because of her disability, Bohall is being excluded from receiving equal services from Defendant.

14. Defendant willfully, knowingly and intentionally discriminated against Bohall in violation of Title III of the ADA.

## COUNT I

## DEFENDANT VIOLATED TITLE III OF THE ADA

15. Bohall incorporates by reference the allegations in paragraphs 1-14 of this Complaint.

16. Bohall is an individual with a disability under Title III of the ADA and meets the essential eligibility requirements for Defendant's services at all times relevant hereto.

17. Defendant is a public accommodation and must provide qualified sign language interpreters when necessary to provide effective communication.

18. Defendant violated Title III of the ADA when it:

a. Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

b. Failed to ensure that communications with Bohall were as effective as

3

communications with hearing students;

        c.     Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Bohall; and

        d.     Excluded Bohall from services and denied Bohall the benefit of these services due to her disability.

19.     Bohall has been and will continue to be denied access to, and the benefit of, services available from Defendant because Bohall has a definite need and intention to conduct business with Defendant in the future.

20.     Bohall has a realistic, credible, existing and continuing threat of discrimination from the Defendant's continuing violations of the ADA based on the violations set forth in this Complaint. Bohall has a reasonable fear she will continue to be discriminated against in violation of the ADA unless she is afforded injunctive relief by the Court.

21.     Bohall has been obligated to retain undersigned counsel for the filing and prosecution of this action.   Bohall is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

22.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Bohall injunctive relief.

**WHEREFORE** Plaintiff, Tammy Bohall, respectfully requests that this Court grant the following injunctive and declaratory relief ordering Defendant:

        a.     To cease discrimination against Bohall and other deaf and hard of hearing individuals;

        b.     To promulgate and comply with policies and procedures to ensure that Defendant and its staff do not discriminate against individuals who are deaf and hard of hearing.

4

     c.     To promulgate and comply with procedures to ensure that Defendant will provide and pay for qualified interpreter services when needed by individuals who are deaf and hard of hearing when providing services offered by Defendant;

     d.     To promulgate and comply with procedures to ensure that Defendant will notify individuals who are deaf and hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state the Defendant will provide sign language interpreters, TTYs and/or other communication services that ensure effective communication with deaf and hard of hearing persons.

     e.     Award reasonable costs and attorney's fees; and

     f.     Award any and all other relief that may be necessary and appropriate.

Respectfully submitted,

Philip J. Gibbons, Jr. (#19353-49)

Elizabeth A. Joseph (# 24968-29)

Attorneys for Plaintiff, Tammy Bohall

GIBBONS JONES, P.C.
10401 North Meridian Street, Suite 300
Indianapolis, Indiana  46290
Telephone:    (317) 706-1100
Facsimile:    (317) 616-3335
E-mail:  pgibbons@gibbonsjones.com
        ejoseph@gibbonsjones.com